GAY et al. v. HUDSON RIVER ELECTRIC POWER CO. et al. (two cases).

(Circuit Court, N. D. New York. January 27, 1909.)

RECEIVERS (§ 119*)—RECEIVERS' CERTIFICATES—PERMISSION TO ISSUE—JURISDICTION.

Where a gas and electric company, the assets of which were heavily mortgaged, constituted one of several companies controlled by another concern for which a receiver had been appointed, and the gas and electric company's plant and apparatus was in such disrepair as to be dangerous, and did not furnish adequate service to the public as intended, the court in which the receivership was pending had jurisdiction to refuse permission to foreclose the mortgage and to authorize the receiver to raise money by receivers' certificates with which to repair such plant.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 207; Dec. Dig. § 119.*]

In Equity. This is an application by the receivers of the properties of eight different public service corporations, engaged in manufacturing gas and generating electricity and transmitting and supplying same to municipal corporations and others for lighting and power purposes, for authority to issue receivers' certificates to raise money with which to repair, improve, and put in working condition the plant of one of the subordinate defendant companies, viz., the plant of the Madison County Gas & Electric Company; also an application by the trust company to file a bill in foreclosure.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Abram J. Rose and George B. Curtiss, for receivers.

James Moore, for city of Oneida.

Morgan M. Mann, J. G. Boston, and W. E. Bennett, for certain defendants or interested parties in opposition to issue of certificates.

J. G. Boston, for motion to foreclose.

Abram J. Rose and George B. Curtiss, opposed.

RAY, District Judge. The Madison County Gas & Electric Company is a corporation of the state of New York engaged in manufacturing gas and generating electricity for the supply of the city of Oneida, N. Y., and its inhabitants, and holds the sole franchise for that purpose. Its plant and apparatus is badly out of repair, and some of it is dangerous for this reason. Because of this condition it is unable to supply the said city and its people adequately; the supply being insufficient, poor, and sometimes intermittent. This condition has been the occasion for frequent and just complaint, especially to the Public Service Commission. It appears that this company in its present condition and under existing circumstances is insolvent. It has no means, nor have the receivers, for repairing the plant and putting it in safe and proper condition, so as to perform its engagements with the people of the city it has undertaken to serve. Unless remedies are applied the company will break its contracts, and the city will be justified in granting other franchises, and the whole property will soon become of substantially no value. The property of the company is mortgaged to secure an issue of bonds, and these bondholders propose, if the matter is left with them, to expend some $8,000 in temporary repairs which the city justly deems entirely inadequate and insufficient. That city is entitled to adequate service, and its interests must be considered. In doing this its patronage is secured, and the value of the properties of these companies preserved, and the interests of bondholders, general creditors, and stockholders protected and preserved.

The trustee under the mortgage is not a party to this action, and, appearing specially, asserts that this court has no jurisdiction of this company or to grant the relief sought. The city desires even a better plant and more extensive repairs than the receivers propose. Counsel for the complainants take a position utterly opposed to the interests of the main companies and the true interests to be served and ends and objects sought to be attained by this action. The evidence taken before the special master shows that the present income of the company just about pays running or operating expenses and very pressing temporary repairs. The payment of interest on the bonds is in default. The main company, Hudson River Electric Power Company, owns a majority of the common stock of this company, which is one of a system of connected companies, one or more of which furnish power which others transmit and others use. There are water powers and steam plants to aid in the manufacture of gas and the generation of electricity. As a whole, kept together and properly managed, they are very valuable and useful to the general public. Sundered, and run independently of each other, these properties would be of little, and some of them, perhaps, of no, value, and stockholders, bondholders,

and general creditors, all the properties being mortgaged to secure is-sues of bonds, would suffer vast and irreparable damage. These considerations have been urged on this court from the beginning, both orally in open court and in the papers on file. The receivers are now in possession of all these properties, and are running them as one vast, connected, independent system, keeping the accounts and earnings and expenses separate, however, and investigating their condition, value, earning power, etc. Appraisers are now engaged in inventorying and appraising these properties. Under these conditions and existing circumstances this court is of the opinion that the best interests of all demand that the application of the receivers to issue certificates be granted, and that the application to foreclose the mortgage on the Madison County Gas & Electric Company's property be denied.

I do not doubt the jurisdiction of this court in the premises. While the Madison County Gas & Electric Company is not a creditor of the complainants, it is an asset of the main company, which is. The interests of all, including the complainants, demand that these properties be kept together, at present, at least, and that this plant of the Madison County Company be properly repaired and made to do efficient service.

So ordered.