# GUARANTY TRUST COMPANY OF NEW YORK

*v.*

## PORTO RICO GAS COMPANY.

---

San Juan, Equity, No. 1042.

ISSUING RECEIVERS' CERTIFICATES.

Receivers' Certificate—Preservation.

    Receivers' certificates will be authorized to enable a gas company to put in an additional means of making gas when the old machinery is so worn as to be liable to break down.

Opinion filed June 7, 1920.

---

*Mr. O. B. Frazer* for receivers.

*Mr. J. Henri Brown* for plaintiff.

HAMILTON, Judge, delivered the following opinion:

This is an application by the receivers, concurred in by the plaintiff bondholders, for the issue of receivers' certificates to the amount of $75,000. The situation as shown on the hearing is that the business requires the use of all the plant of the com-

Guaranty Trust Co. v. Porto Rico Gas Co.

pany, and nevertheless the plant is necessarily getting in such bad repair that it may at any time, and certainly if a slight earthquake should occur would, be so injured that it would be impossible to use it at all.

Under these circumstances it is desired to borrow money to put in machinery for the manufacture of gas from oil in addition to the present plant for the manufacture of gas from coal. From the facts as presented this is not a change of the nature of manufacture so much as provides an additional means of manufacture and one which is more easily provided than by repair of the old plant or addition of another of the same character as the old machinery. The old machinery remains, and when the new is installed can be repaired to better advantage in this way than any other. It would seem to come within the rule permitting the issue of receivers' certificates to preserve the business of a running concern. The matter has come up more frequently with railroads than any business; and there new branches, new bridges, and the like have been so provided in order to preserve the main line as a going concern. First Nat. Bank v. Ewing, 43 C. C. A. 150, 103 Fed. 168; Pennsylvania Steel Co. v. New York City R. Co. 165 Fed. 477; American Brake Shoe & Foundry Co. v. Pere Marquette R. Co. 123 C. C. A. 322, 205 Fed. 14, 19; Miltenberger v. Logansport, C. & S. W. R. Co. 106 U. S. 286, 27 L. ed. 117, 1 Sup. Ct. Rep. 140. In order to permit a receiver of a gas-plant to raise money by certificates to repair the plant the bondholders have been prohibited from foreclosing the mortgage. Gay v. Hudson River Electric Power Co. 166 Fed. 771. In the case at bar the bondholders join in the application.

The permission will be granted, the form of certificate to be filed with the court for approval.

It is so ordered.